RP

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jay Murphy, ) | No. CV-05-2553-PHX-DGC (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff's Office, et al., ) | |
| Defendants. ) | |

Frank Jay Murphy (Plaintiff), formerly confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail), filed with the Clerk of the Court on August 24, 2005 a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1]

---

[1] Many former inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

JDDL

- 1 -

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff did not pay the two hundred and fifty dollar ($250.00) filing fee when he filed the Complaint, but he filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with the Complaint. Plaintiff's Application To Proceed will be granted.

### PAYMENT OF FILING FEE AFTER RELEASE

On November 3, 2005, Plaintiff filed a "Notice of Change of Address" (Document #3), which indicates that he is now residing at a private address in Phoenix, Arizona. Judging from this change of address, it appears that Plaintiff has been released from custody.[2]

Pursuant to 28 U.S.C. § 1915(b)(1), as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), "if a prisoner brings a civil action or files an appeal [in forma pauperis], the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Effective February 7, 2005, the filing fee for a civil rights action increased from one hundred and fifty dollars ($150.00) to two hundred and fifty dollars ($250.00). See 28 U.S.C. § 1914, amended by, Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809, Sec. 307 (December 8, 2004).

Plaintiff brought this civil action while he was still a prisoner, therefore he will be required to pay the full amount of the two hundred and fifty dollar ($250.00) filing fee, even though he has subsequently been released from confinement.

If Plaintiff were still a prisoner, the Court would assess and, when funds exist, collect an initial partial filing fee of twenty percent (20%) of the greater amount of either the average monthly deposits or the average monthly balance in Plaintiff's prison account for

---

[2] The website of the Maricopa County Sheriff does not show Plaintiff as being in the current custody of the Maricopa Sheriff. Also, the website of the Arizona Department of Corrections (ADOC) does not show Plaintiff as being in the current custody of the ADOC.

**JDDL**

- 2 -

1 the six (6) months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1).
2 After payment of the initial partial filing fee, Plaintiff would be required to make monthly
3 payments equaling twenty percent (20%) of the preceding month's income credited to his
4 prison account. 28 U.S.C. § 1915(b)(2).

5 However, because Plaintiff is no longer in custody, and therefore does not have a
6 prison account, he cannot avail himself of the partial payment provisions of 28 U.S.C. §
7 1915(b)(1),(2). The statute makes no other provision for incremental collection of the fee.
8 Therefore, Plaintiff must now pay the filing fee in full. Accordingly, Plaintiff will be given
9 thirty (30) days from the filing date of this Order to pay the two hundred and fifty dollar
10 ($250.00) filing fee. If Plaintiff fails to pay the filing fee within thirty (30) days of the filing
11 date of this Order, the action will be dismissed without prejudice, without further notice to
12 Plaintiff, unless Plaintiff shows good cause, in writing, why he is unable to pay the filing
13 fee.

14 Plaintiff should note that even after he pays the filing fee the Court is required to
15 screen complaints brought by prisoners seeking relief against a governmental entity or
16 officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must
17 dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally
18 frivolous or malicious, that fail to state a claim upon which relief may be granted, or that
19 seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §
20 1915A(b)(1)(2). The Court also must dismiss a complaint or portion thereof if the plaintiff
21 fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

### RULE 41(b) WARNING

23 Plaintiff is warned that if he fails to timely comply with every provision of this Order,
24 or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of
25 the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.)
26 (district court may dismiss action for failure to comply with any order of the court), cert.
27 denied, 506 U.S. 915 (1992).

28

**JDDL**

1 **IT IS THEREFORE ORDERED:**

2 (1) That Plaintiff's "Application To Proceed <u>In Forma Pauperis</u> By A Prisoner Civil
3 (Non-Habeas)" filed with the Complaint is GRANTED;

4 (2) That Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to
5 pay the two hundred and fifty dollar ($250.00) filing fee;

6 (3) That the Clerk of Court is DIRECTED to enter a judgment of dismissal without
7 prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to pay the two
8 hundred and fifty dollar ($250.00) filing fee within thirty (30) days of the filing date of this
9 Order, unless Plaintiff shows good cause, in writing, why he is unable to pay the filing fee;

10 (4) That a clear, legible copy of every pleading or other document filed SHALL
11 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
12 District Judge or Magistrate Judge to whom the case is assigned. <u>See</u> Rule 5.4, Local Rules
13 of Civil Procedure (LRCiv). **Failure to comply with this requirement will result in the**
14 **pleading or document being stricken without further notice to Plaintiff**;

15 (5) That at all times during the pendency of this action, Plaintiff SHALL
16 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of
17 address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
18 ADDRESS." The notice shall contain only information pertaining to the change of address
19 and its effective date. The notice shall not include any motions for any other relief. Failure
20 to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for
21 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

22 DATED this 1st day of December, 2005.

_David G. Campbell_
David G. Campbell
United States District Judge